An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| STEVEN PAUL SPEIDEL,<br>Appellant,<br>vs.<br>DON POAG, DIRECTOR OF NURSING;<br>KATHERINE HEGGE, RN, CN IV; C.<br>SCHARDIN; NEVADA DEPARTMENT<br>OF CORRECTIONS; AND THE STATE<br>OF NEVADA,<br>Respondents. | No. 59310 |

FILED

FEB 19 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER AFFIRMING IN PART AND REVERSING IN PART

This is a proper person appeal from a district court order denying a petition for a writ of mandamus. First Judicial District Court, Carson City; James E. Wilson, Judge. As directed, respondents have filed a response. Appellant has filed a reply.

Appellant filed a petition for a writ of mandamus in the district court seeking an order directing respondents to provide him with an itemized bill for medical services that he received from both respondent Nevada Department of Corrections (NDOC) and nonparty Pershing General Hospital, so that he could check for inaccuracies before the billed charges were deducted from his inmate account. The district court denied the petition in relevant part on the ground that appellant had an adequate remedy at law. This appeal followed.

As appellant had an available legal remedy in the form of a civil rights action alleging a violation of his due process rights, see Maiola v. State, 120 Nev. 671, 675, 99 P.3d 227, 229 (2004) (providing that "[t]he Due Process Clause requires notice and an opportunity to be heard before

13·05081

the government deprives a person of his or her property"); Scott v. Angelone, 771 F. Supp. 1064, 1067 (D. Nev. 1991) (recognizing that an inmate must be afforded due process when funds are deducted from his inmate account), the district court did not abuse its discretion in denying the petition. See City of Reno v. Reno Gazette-Journal, 119 Nev. 55, 58, 63 P.3d 1147, 1148 (2003) (explaining that a district court's decision to deny a writ petition is reviewed for an abuse of discretion); see also NRS 34.170 (stating that a writ of mandamus shall issue when a petitioner has no plain, speedy and adequate legal remedy); International Game Tech. v. Dist. Ct., 124 Nev. 193, 197, 179 P.3d 556, 558 (2008) (providing that writ relief is generally not available when the petitioner has an adequate legal remedy). Therefore, we affirm that portion of the district court's order denying appellant's petition for a writ of mandamus.

In the order denying the petition, the district court also required the director of the NDOC to forfeit deductions of time that appellant had previously earned to reduce his prison sentence pursuant to NRS 209.451(1)(d)(2) (stating that an inmate forfeits earned deductions of time from his or her sentence when he or she files a civil action containing a claim that is "not warranted by existing law or by a reasonable argument for a change in existing law or a change in the interpretation of existing law"). Although, as discussed above, writ relief was not the appropriate remedy in this situation, this does not necessarily mean that appellant's claim was not warranted by law, it only means that he utilized the wrong method to seek relief. Thus, we conclude that the district court abused its discretion by requesting the imposition of this sanction against appellant. See Bahena v. Goodyear Tire & Rubber Co., 126 Nev. ___, ___, 235 P.3d 592, 596 (2010) (explaining that this court reviews a district

court's decision to impose a sanction for an abuse of discretion). Accordingly, we reverse that portion of the district court's order directing the imposition of sanctions under NRS 209.451(1)(d).

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. James E. Wilson, District Judge
       Steven Paul Speidel
       Attorney General/Carson City
       Carson City Clerk